# IN THE COURT OF APPEALS OF IOWA

No. 23-1610
Filed January 23, 2025

**LUNDELL EARLEST BUCHANAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady, Judge.

An applicant for postconviction relief appeals the district court's order dismissing his application. **AFFIRMED.**

William Monroe, Burlington, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Ahlers and Badding, JJ.

**AHLERS, Judge.**

Lundell Buchanan was driving a vehicle when a law enforcement officer initiated a traffic stop. After stopping his vehicle, Buchanan got out and began arguing with the officer. As the officer tried to get Buchanan to stop putting his hands in his pockets and explain the reason for the stop, Buchanan twisted away from the officer and took off running. He was eventually caught and charged with five crimes: (1) possession of cocaine (third offense); (2) possession of marijuana (third offense); (3) operating while intoxicated (third offense); (4) driving while revoked; and (5) interference with official acts. A jury found him guilty on counts two through five but was unable to reach a verdict on count one. Buchanan was sentenced for the four crimes for which he was convicted.

Buchanan later filed an application for postconviction relief (PCR).[1] After a trial, the district court denied the application. Buchanan appeals. He contends the district court erred by (1) excluding his telephone testimony at the PCR trial and (2) finding that his trial counsel were not ineffective by failing to file a motion to suppress challenging the traffic stop.

I. **Exclusion of Telephonic Testimony**

We find it unnecessary to address Buchanan's challenge to the court's decision to exclude his telephonic testimony at the PCR trial. His testimony is in the record as an offer of proof. After reviewing that testimony, we conclude it has

---

[1] Buchanan filed a direct appeal from his convictions, and this court ordered a limited remand. *See generally State v. Buchanan*, No. 17-1713, 2018 WL 6120044 (Iowa Ct. App. Nov. 21, 2018). After the issue on remand was resolved adverse to Buchanan, he appealed again but voluntarily dismissed that appeal. The details of the original appeal and remand are not relevant to the issues in this PCR appeal, so we do not discuss them.

no impact on the outcome of Buchanan's ineffective-assistance-of-counsel claim—the only claim Buchanan raises on appeal apart from his challenge to the exclusion of the testimony. Because his testimony has no impact on the outcome of the only substantive claim Buchanan raises, any error is harmless—even if we assumed for argument's sake that Buchanan preserved error on this issue and the evidence was wrongly excluded. *See* Iowa R. of Evid. 5.103(a) (explaining that "[a] party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party" and other conditions are met).

## II. Ineffective Assistance of Counsel

To prevail on his ineffective-assistance-of-counsel claim, Buchanan must prove that (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020). "To prove counsel failed to perform an essential duty, the [applicant] 'must show that counsel's performance was deficient,' meaning counsel 'made errors so serious that counsel was not functioning as the "counsel" guaranteed the [applicant] by the Sixth Amendment.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Because Buchanan raises a constitutional claim based on ineffective assistance of counsel, our review is de novo. *See Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017).

Buchanan had three different attorneys during the district court proceedings. He contends all three were ineffective for failing to file a motion to suppress challenging the legality of the stop of his vehicle. He contends the stop was racially motivated and there was no legal basis for the stop, so counsel was ineffective for not challenging it.

In reaching the conclusion that Buchanan's lawyers were not ineffective, the PCR court identified multiple reasons why the stop was valid and the subsequent searches were permissible, which would have made a motion to suppress futile. While all reasons identified by the PCR court may be valid, we choose to focus on one—Buchanan's failure to drive on the right-hand side of the roadway. We choose to focus on this reason because it is the one most clearly established by the objective evidence of a dashcam video without the need to rely on the testimony of the officer or Buchanan.

While the officer started following Buchanan for other claimed traffic violations, as the officer followed Buchanan, the officer's dashcam video shows Buchanan driving on the left-hand side of the street. Iowa Code section 321.297 (2016) requires vehicles to be driven on the right half of the roadway, with certain exceptions. Buchanan does not argue that any of the statutory exceptions apply. Instead, he contends that he was not required to drive on the right-hand side of the street because there was no centerline marking on that stretch of street where he drove on the left-hand side. But section 321.297's directive to drive on the right half of the roadway says nothing about centerline markings, and it provides no exception for roadways without markings.

The video shows Buchanan clearly driving on the left half of the street. Buchanan's actions gave the officer following him reasonable suspicion and probable cause to believe a violation of section 321.297 occurred, making the traffic stop permissible. *See State v. Brown*, 930 N.W.2d 840, 845 (Iowa 2019) (requiring traffic stops to be reasonable and noting that "a traffic stop is reasonable when the police have probable cause or reasonable suspicion to believe that the

motorist violated a traffic law"). As the stop was legal, a motion to suppress challenging the stop would have been futile, so Buchanan's lawyers were not ineffective for failing to file such a motion. *See id.* at 855 ("Counsel is not burdened with the duty to raise an issue that has no merit.").

Before leaving this topic, we find it appropriate to comment on a sub-issue raised in Buchanan's appellate brief. He contends there was evidence available at his criminal trial that the officer who initiated the stop was investigated in another case for preparing a report of the incident in that case that contradicted video evidence. Buchanan also contends that, after his criminal trial, the officer was eventually fired due to the officer's misconduct in the other case.

The record from Buchanan's criminal trial shows that his trial counsel attacked the officer's credibility with the information that the officer had been investigated for submitting a report in another case that conflicted with video evidence. Buchanan does not articulate what more counsel could have done with the available information or in what way counsel was ineffective. As such, we cannot discern any avenue for relief for Buchanan based on this issue. We reiterate, however, that our finding that the officer had probable cause and reasonable suspicion to initiate a traffic stop for a suspected violation of section 321.297 is based on the video evidence establishing the violation rather than the officer's testimony on the issue.

As we agree with the district court's determination that Buchanan failed to prove his trial counsel provided ineffective assistance, we affirm the district court's dismissal of Buchanan's application for PCR.

**AFFIRMED.**